UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| William L. Brouck,<br>    Plaintiff<br><br>v.<br><br>Quick Stop Properties, LLC,<br>Drake Petroleum Company, Inc., and<br>Exxon Mobil Corporation<br>    Defendants. | C.A. NO. 1:21-cv-00368 |

### NOTICE OF REMOVAL OF DEFENDANT
### QUICK STOP PROPERTIES, LLC

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE:

The petition of the defendant, Quick Stop Properties, LLC ("Quick Stop"), for removal of this action from the New Hampshire Superior Court, Rockingham County, to the United States District Court for the District of New Hampshire respectfully shows:

FIRST: That the petitioner herein is a defendant in a civil action brought against it in the New Hampshire Superior Court, Rockingham County, entitled "William L. Brouck v. Quick Stop Properties, LLC, Drake Petroleum Company, Inc., and Exxon Mobil Corporation" (the "State Court Action") (See Summons, Amended Complaint, and Return of Service in that action attached hereto as Exhibit A.) Said action was originally filed against Exxon Mobil Corporation only, on or about May 15, 2020 and bears Case Number: 218-2020-CV-00584. (See Initial Complaint, attached hereto as Exhibit B.) Defendant Quick Stop was added via amended complaint which was allowed on or about March 23, 2021. (See Ex. A.)

SECOND: That the aforesaid action was served on Quick Stop on or about May 9, 2021.

THIRD: Quick Stop hereby reserves the right to assert any and all defenses,

counterclaims, and cross-claims. Quick Stop further reserves the right to amend or supplement this Notice of Removal.

### **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332, 1441, and 1446**

FOURTH: This petition is timely filed, pursuant to 28 U.S.C. § 1446, which states, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446 (b)(1) (2011). Further, 28 U.S.C. § 1446 provides that "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446 (c)(2)(A). Additionally, the district court must find "by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Id. at 1446(c)(2)(B). Lastly, a case may not be removed if "more than 1 year after commencement of the action" has accrued. See 28 U.S.C. § 1446 (c).

Here, the initial pleading does not state an amount in controversy, but the case is removable based on diversity jurisdiction because the amount in controversy is likely to exceed the sum or value of $75,000, exclusive of interest and costs. In New Hampshire, State practice does not permit demand for a specific sum. See N.H. Super. Ct. Civ. R. 8 (Noting that "in any

personal action a pleading shall not allege the amount of damages claimed, but shall state only that the damages claimed are within the jurisdictional limits of the court.") The Amended Complaint in The State Court Action notes that plaintiff "sustained serious personal injuries" and requests judgment in "an amount which will fairly and adequately compensate him for his conscious pain and suffering, hedonic loss, lost income, medical bills, permanent injury, and all other damages recoverable…" (Ex. A.)

On or about April 14, 2021, plaintiff's counsel indicated that plaintiff's medical bills currently total $45,881.00, but that is not a final number. Plaintiff's counsel also provided a summary of plaintiff's claimed medical injuries, which reportedly include a fractured patella, fractured fibula, torn meniscus, bruising and swelling of the head, strained low back, and strained upper left deltoid. Plaintiff is also claiming lost wages. Because plaintiff also claims damages for pain and suffering, hedonic loss, permanent injury, and all other damage recoverable, the amount in controversy is likely to exceed $75,000, exclusive of interest and cost. See 28 U.S.C. § 1446 (c)(2).

Moreover, this Notice of Removal has been filed by May 7, 2021—within 30 days of April 9, 2021. See 28 U.S.C. § 1446 (b)(1). Additionally, not more than 1 year has elapsed since the plaintiffs initiated suit on May 15, 2020. See 28 U.S.C. § 1446 (c). Accordingly, the Notice of Removal is timely.

FIFTH: That as set forth in the Amended Complaint, the plaintiff is an individual, William Brouck, now residing at 82C Main Street, Kingston, Rockingham County, New Hampshire. (See Ex. A ¶ 1.)

SIXTH: The defendant, Quick Stop, is a Massachusetts limited liability company with a principal place of business of 33 Clementi Lane, Methuen, Essex County, Massachusetts. (Id. at ¶

2.) Defendant Drake Petroleum Company, Inc. is a Massachusetts corporation with a principal place of business at 800 South Street, Suite 500, Waltham, Middlesex County, Massachusetts. (Id. at ¶ 3.) Defendant Exxon Mobil Corporation is a foreign corporation with a principal place of business located at 5959 Las Colinas Boulevard, Irving, Dallas County, Texas. (Id. at ¶ 4.)

SEVENTH: That, by reason of the above, the above-captioned action is a civil action brought in a state court of which the United States District Courts have jurisdiction under the provisions of Title 28, U.S.C. § 1332 (2011) and is one which may be removed to this Court.

EIGTH: There is diversity of citizenship under 28 U.S.C. § 1332 (a) (2011), where the plaintiff is a resident of New Hampshire, Quick Stop is a Massachusetts limited liability company, Drake Petroleum Company, Inc. is a Massachusetts corporation, and Exxon Mobil Corporate is a foreign corporation. No defendant is a citizen of New Hampshire, the jurisdiction in which the State Court Action has been filed. As a result, because no defendant is a citizen of New Hampshire, Quick Stop may properly remove the State Court Action on the basis of diversity jurisdiction. See 28 U.S.C. § 1441 (b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

NINTH: As noted above, the amount in controversy is likely to exceed $75,000, exclusive of interest and cost, where the plaintiff alleges various injuries with presented medical bills already exceeding $45,000, with additional monetary damages claimed for pain and suffering, emotional damages, and lost wages.

### PROCEDURAL REQUIREMENTS AND LOCAL RULES

TENTH: This Court is part of the "district and division" embracing the place where the

State Court Action was filed—Rockingham County Superior Court.  See 28 U.S.C. §§ 1441(a), 1446(a) (2011).

ELEVENTH: Because this removal is not under section 1441(a), no consent from the other defendants for purposes of removing the State Court Action is required.  See 28 U.S.C. § 1446(b) (2) (A) (2011).

TWELFTH: Attached as Exhibit C is a copy of all process, pleadings, and orders received by Quick Stop in the State Court Action.  See 28 U.S.C. § 1446(a) (2011).  Pursuant to Local Rule 81.1(c), certified or attested copies of all records, proceedings, and docket entries in the State Court Action will be filed within fourteen (14) days of the filing of this Notice of Removal.  The appropriate filing fee has been paid to the Clerk of Court upon the filing of this Notice of Removal.

THIRTEENTH: Pursuant to Local Rule 81.1(a), a responsive pleading to the plaintiff's complaint will be filed with this Court within 7 days of the filing of this notice of removal. See Fed. R. Civ. P. 81(c)(2)(C).

FOURTEENTH:   Pursuant to Local Rule 7.1.1(d), a corporate disclosure statement will be filed within 21 days of the Notice of Removal.

FIFTEENTH A Notice of Removal, pursuant to 28 U.S.C. § 1446(d), a Copy of which is attached hereto as Exhibit D, with exhibits omitted, will promptly be filed with the Clerk of the Rockingham County Superior Court, and served on all parties via the New Hampshire Superior Court electronic filing system.

SIXTEENTH: This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.  See 28 U.S.C. § 1446(a)(2011).

## **CONCLUSION**

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (2011), and the State Court Action may be removed.

WHEREFORE, Quick Stop prays that this cause proceed in this Court as an action properly removed thereto.

          Respectfully submitted,

          The Defendant, Quick Stop Properties, LLC,
          By its Attorneys,

Dated: 05/07/21          By: /s/ Peter L. Bosse_____
                                    Peter L. Bosse, Esq./Bar #17872
                                    pbosse@boyleshaughnessy.com
                                    Ryan D. Landry, Esq./Bar #269002
                                    rlandry@boyleshaughnessy.com
                                    Boyle | Shaughnessy Law PC
                                    650 Elm Street, Suite 404
                                    Manchester, NH 03101
                                    (603) 668-6216
                                    (603) 668-6217 Facsimile

CERTIFICATE OF SERVICE

    I, Peter L. Bosse/Ryan D. Landry, do hereby certify that pursuant to Federal Court Rules, I have this day served a true copy of the foregoing document electronically on the Court's Electronic Filing System to the following parties.

***Counsel for Plaintiff William L. Brouck***
Charles F. Perrault / N.H. Bar No. 2002
Perrault Law Group
79 Haverhill Street
Methuen, MA 01844
Phone: 978-975-4100
cperrault@perraultlaw.com

***Counsel for Defendants***
***Drake Petroleum company, Inc., and Exxon Mobil Corporation***
Michael Mortimer / N.H. Bar NO. 1813
Wadleigh, Starr & Peters
95 Market Street
Manchester, NH 03101
Phone: 603-206-7225
mmortimer@wadleighlaw.com

Dated: 5/7/21              By: __/s/ Peter L. Bosse_____
                                 Peter L. Bosse, Esq./Bar #17872
                                 pbosse@boyleshaughnessy.com
                                 Ryan D. Landry, Esq.Bar #269002
                                 rlandry@boyleshaughnessy.com
                                 Boyle | Shaughnessy Law PC
                                 650 Elm Street, Suite 404
                                 Manchester, NH 03101
                                 (603) 668-6216
                                 (603) 668-6217 Facsimile