# Removal Exhibit A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:    **William Brouck v Exxon Mobil**
Case Number:  **218-2020-CV-00584**

Date Complaint Filed: May 15, 2020
A Complaint has been filed against Exxon Mobil in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 02, 2020 | William Brouck shall have this Summons and the attached Complaint served upon Exxon Mobil by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 23, 2020 | William Brouck shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Exxon Mobil must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Exxon Mobil:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Charles F. Perrault, ESQ
  Exxon Mobil

Perrault Law Group PLLC 79 Haverhill St Methuen MA  01844
5959 Las Colinas Boulevard Irving TX  75039

BY ORDER OF THE COURT

May 18, 2020

  (126921)

Jennifer M. Haggar
Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS
## MOTION TO ADD DEFENDANT

Case Name:     **William L Brouck v Exxon Mobil Corporation, et al**
Case Number:   **218-2020-CV-00584**

Date Motion to Add Party Filed: March 23, 2021

This Court has granted a motion that adds you as a party in this case.  A copy of the Complaint initiating the case, the motion to add you as a party and any structuring conference order and/or trial scheduling notice issued by the court is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| May 08, 2021 | William L. Brouck shall have this Summons, the attached Complaint and the motion to add defendant served upon Quick Stop Properties, LLC, and Drake Petroleum Company in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 29, 2021 | William L. Brouck shall electronically file the return(s) of service with this Court.  Failure to do so may result in this action being dismissed without further notice. |
| 30 days after service | Quick Stop Properties, LLC, and Drake Petroleum Company must electronically file an Appearance and Answer or other responsive pleading with this Court.  A copy of the Appearance and Answer or responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Quick Stop Properties, LLC, and Drake Petroleum Company:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Charles F. Perrault, ESQ             Perrault Law Group PLLC 79 Haverhill St Methuen MA  01844
Michael R. Mortimer, ESQ             Wadleigh Starr & Peters 95 Market Street Manchester NH  03101
Quick Stop Properties, LLC           33 Clementi Lane Methuen MA  01844
Drake Petroleum Company Inc          800 South Street Suite 500 Waltham MA  02451

BY ORDER OF THE COURT

March 24, 2021                       Jennifer M. Haggar
                                     Clerk of Court

(523)

NHJB-2773-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **William L Brouck v Exxon Mobil Corporation, et al**
Case Number:    **218-2020-CV-00584**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

   6. Complete the registration/log in process.  Click Register and follow the prompts.

   7. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

   8. Select "I am filing into an existing case".  Enter **218-2020-CV-00584** and click Next.

   9. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

   10. Review your Response before submitting it to the court.


**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.


If you have questions regarding this process, please contact the court at 1-855-212-1234.

Clerk's Notice of Decision
Document Sent to Parties
on 03/24/2021

## STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                    SUPERIOR COURT
                                   DOCKET NO. 218-2020-CV-00584

### WILLIAM L. BROUCK                    Granted

#### v.                                  *Mkuy*

### EXXON MOBIL CORPORATION        Honorable Marguerite L. Wageling
                                   March 23, 2021

### PLAINTIFF'S, WILLIAM L. BROUCK,
### MOTION TO AMEND COMPLAINT

NOW COMES the Plaintiff, William L. Brouck, by and through his counsel Charles F. Perrault, Esq., Perrault Law Group, PLLC. and, pursuant to Rule 12. of the Superior Court of New Hampshire, requests that this Honorable Court permit his Amendment of the Complaint in this matter so as to add two additional Defendants.

In support, the Plaintiff states the following:

1.   The within action sounds in negligence as a consequence of Plaintiff's February 17, 2020 slip and fall on ice which accumulated as a result of a defective gas pump canopy, and as a result of the failure to remove, salt, sand, or otherwise treat the accumulation of ice.

2.   On or about February 18, 2021, in conjunction with its "Surreply", Defendant provided to Plaintiff copies of a certain September 26, 2008 document entitled "Lease" (see attached Exhibit A"), and a certain May 8, 2017 document entitled "Lease Modification Agreement" (see attached Exhibit B").

1

3.  The aforesaid documents purported to identify the owner of the subject premises on the February 17, 2020 date of loss, that being Quick Stop Properties, LLC, a Massachusetts limited liability company.

4.  The aforesaid documents also purported to identify a Lessee, Drake Petroleum Company, Inc., a Massachusetts Corporation, authorized to use the leasehold premises "...for a gasoline service station, convenience store and a fast food establishment, with drive thru coffee, or for any other lawful purpose....".

5.  Plaintiff wishes to add Quick Stop Properties, LLC, and Drake Petroleum Company, Inc. as co-defendants in the within action.

6.  A copy of the proposed Amended Complaint is attached hereto as Exhibit C.

*WHEREFORE*, Plaintiff requests the following relief:

A.  That the within Motion be granted;

B.  For such other orders as this Honorable Court deems meet and just.

Respectfully submitted,

**WILLIAM L. BROUCK,**
By His Attorney

Date:  March 8, 2021

Charles F. Perrault   BAR ID #2002
**PERRAULT LAW GROUP,** PLLC
79 Haverhill Street
Methuen, MA 01844-4203
(978) 975-4100
cperrault@perraultlaw.com

2

## CERTIFICATE OF SERVICE

I, Charles F. Perrault, counsel for Plaintiff, hereby certify - pursuant to Rule 13.(d) of the Supplemental Rules Of The Superior Court Of New Hampshire For Electronic Filing - that I have through the Court's electronic filing system timely provided a copy of **Plaintiff's, William L. Brouck, Motion To Amend Complaint** to all other parties in the case, as follows:

Michael R. Mortimer, Esq.
NH Bar No. 1813
**Wadleigh, Starr & Peters, P.L.L.C.**
95 Market Street Manchester, NH 03101
(603) 669-4140
mmortimer@wadleighlaw.com

Date: March 8, 2021

_____
Charles F. Perrault

3

# Exhibit A

EXHIBIT A

MA/pja 08-20-1961 09/21/08

## LEASE

1. **PARTIES**
   THIS INDENTURE made this 26th day of September, 2008 by and between Richstead Associates, LLC of 592 Lafayette Road, Hampton, NH 03845 (hereinafter called the Lessor, which expression shall include its successors and assigns, wherever the context so admits) of the one part, and Drake Petroleum Company, Inc., a Massachusetts Corporation having its principal place of business at 221 Quinebaug Road, North Grosvenordale, CT 06255 (hereinafter called the Lessee, which expression shall include its successors and assigns, wherever the context so admits) of the other part.

2. **DEMISED PREMISES**
   WITNESSETH, that in consideration of the rent and covenants herein reserved and contained on the part of the Lessee to be paid, performed and observed, the Lessor does hereby demise and lease unto the Lessee the following described premises, together with the buildings, improvements, and fixtures, now or hereafter placed or erected thereon:

   (a) A portion of a certain parcel of land located at 416 Emerson Avenue, Town of Hampstead, County of Rockingham, State of New Hampshire, being the same premises as approximately shown on **Exhibit A** consisting of approximately 1 acre, attached hereto and incorporated herein by reference, hereinafter referred to as the "Demised Premises".

   (b) Lessee and Lessor shall each have the right in common to use the area shown as the "Access Area" on **Exhibit A** for ingress to and egress from the property that the Demised Premises are a part. Said Access Area may be used by Lessee, Lessor and their employees, invitees, lessees and customers while conducting business on the property.

3. **USE OF DEMISED PREMISES**
   The Demised Premises may be used for a gasoline service station, convenience store and a fast food establishment, with drive thru coffee, or for any other lawful purpose deemed appropriate by Lessee with the consent of the Lessor, which consent shall not be unreasonably withheld or delayed.

4. **ORIGINAL TERM**
   The Original Term of this Lease shall be for twenty (20) years, commencing on the date Lessor completes Lessor's obligations specified in the Scope of Work attached hereto as Exhibit C or four (4) months from the date Lessee obtains its building permit for the structure shown in **Exhibit B** of this Lease, which ever occurs last, but in no event later than

# Exhibit B

## LEASE MODIFICATION AGREEMENT

This Lease Modification Agreement ("Agreement") is entered into and effective as of the 17th day of February, 2017 by and between Quick Stop Properties, LLC, a Massachusetts limited liability company, having a place of business at 33 Clementi Lane, Methuen, MA 01844 ("Lessor") and Drake Petroleum Company, Inc., a Massachusetts corporation, having a place of business at 800 South Street, Suite 500, Waltham, MA 02453 ("Lessee").

### WITNESSETH:

WHEREAS, by a lease instrument dated the 26th day of September, 2008, as amended and modified, (the "Lease") Richstead Associates, LLC leased to Lessee a portion of that certain premises commonly known as 416 Emerson Avenue, Hampstead, NH and more particularly described in said Lease (the "Premises"), reference to which is hereby made for a full and complete description;

WHEREAS, Lessor acquired the Premises on or about June 16, 2014 by virtue of a foreclosure deed and is now the owner of the demised Premises and has succeeded to all the rights and obligations of Richstead Associates, LLC therein;

WHEREAS, the Town of Hampstead required the Lessor to supply trash dumpsters in accordance with an approved site plan, which required the removal of the dumpsters supplied by Lessee; and

WHEREAS, the parties hereto desire to modify said Lease as hereinafter provided.

NOW, THEREFORE, in consideration of the Premises and of the terms, covenants and consideration set forth herein, the sufficiency and receipt whereof is hereby acknowledged, the parties hereto agree as follows:

- The parties hereby agree and confirm that all notices or other communication under the Lease must be addressed to the following respective addresses:

if to Lessee, at:

Drake Petroleum Company, Inc.
800 South Street, Suite 500

1

# STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                    SUPERIOR COURT
                                   DOCKET NO. 218-2020-CV-00584

## WILLIAM L. BROUCK

### V.

## QUICK STOP PROPERTIES, LLC,
## DRAKE PETROLEUM COMPANY, INC., and
## EXXON MOBIL CORPORATION,

### FIRST AMENDED COMPLAINT

### PARTIES

1.  Plaintiff, William L. Brouck, is an adult individual residing at 82C Main Street, Kingston, Rockingham County, State of New Hampshire.

2.  Defendant, Quick Stop Properties, LLC, is a Massachusetts limited liability company with a principal place of business at 33 Clementi Lane, Methuen, Essex County, Massachusetts.

3.  Defendant, Drake Petroleum Company, Inc. is a Massachusetts corporation with a principal place of business at 800 South Street, Suite 500, Waltham, Middlesex County, Massachusetts.

1

4.     Defendant, Exxon Mobil Corporation, is a foreign corporation with a principal
       place of business located at 5959 Las Colinas Boulevard, Irving, Dallas County,
       Texas.


## COUNT I – NEGLIGENCE
### (William L. Brouck v. Quick Stop Properties, LLC)

5.     At all times relevant Defendant, Quick Stop Properties, LLC (hereinafter, "QSP")
       was the owner of the land with the buildings thereon known as 416 Emerson
       Avenue, Hampstead, Rockingham County, New Hampshire (hereinafter the
       "premises").  From the premises an Exxon Mobil gasoline service station, a
       convenience store, and related and unrelated businesses operated.

6.     On or about February 17, 2020 Plaintiff was a patron, visitor or business invitee of
       said Exxon Mobil gasoline service station, and, therefore, was lawfully upon the
       premises.

7.     At all times germane, Defendant QSP owed a duty to those lawfully upon the
       premises to maintain its property in a reasonably safe condition.

8.     In breach of its duty, Defendant QSP failed to maintain and/or repair the
       gutter/drainage system in, on, or around the roof covering the area around the
       gasoline pumps.  As a consequence, water dripped onto the asphalt surface below,

2

causing ice to form.  Defendant QSP further failed to remove or salt, sand or otherwise treat said accumulation of ice.

9.      On or about February 17, 2020 Plaintiff slipped and fell on the ice which had formed, and sustained serious personal injuries.

10.     The negligence of Defendant QSP was the direct and proximate cause of Plaintiff's fall and injuries.

11.     At all times germane, Plaintiff was in the exercise of due care.

*WHEREFORE*, Plaintiff, William L. Brouck, prays that judgment be entered in his favor against the Defendant, QSP, in an amount which will fairly and adequately compensate him for his conscious pain and suffering, hedonic loss, lost income, medical bills, permanent injury,  and all other damages recoverable, together with interest, costs and such other relief as this Honorable Court may deem appropriate.


## COUNT II – NEGLIGENCE
### (William L. Brouck v. Drake Petroleum Company, Inc.)


12.     Plaintiff re-alleges and reavers those allegations made in Paragraphs 1 – 11 and hereby incorporates them herein by reference.

3

13.     At all times relevant Defendant Drake Petroleum Company, Inc. (hereinafter "Drake") held an interest in the subject premises as lessee to a certain September 26, 2008 Lease between Richstead Associates, LLC (predecessor owner to Defendant QSP) and Drake; and as lessee to a certain Lease Modification Agreement dated May 8, 2017 between Defendant QSP and Defendant Drake

14.     By virtue of said leases, Drake operated the aforementioned Exxon Mobil gasoline services station, and/or convenience store and/or related businesses on said premises.

15.     At all times germane, Defendant Drake owed a duty to those lawfully upon the premises to maintain the premises in a reasonably safe condition.

16.     In breach of its duty, Defendant Drake failed to maintain and/or repair the gutter/drainage system in, on, or around the roof covering the area around the gasoline pumps.  As a consequence, water dripped onto the asphalt surface below, causing ice to form.  Drake further failed to remove or salt, sand or otherwise treat said accumulation of ice.

17.     On or about February 17, 2020 Plaintiff slipped and fell on the ice which had formed and sustained serious personal injuries.

18.     The negligence of Defendant Drake was the direct and proximate cause of Plaintiff's fall and injuries.

19.     At all times germane, Plaintiff was in the exercise of due care.

4

*WHEREFORE*, Plaintiff, William L. Brouck, prays that judgment be entered in his favor against the Defendant, Drake, in an amount which will fairly and adequately compensate him for his conscious pain and suffering, hedonic loss, lost income, medical bills, permanent injury, and all other damages recoverable, together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III – NEGLIGENCE
### (William L. Brouck v. Exxon Mobil Corporation)

20. Plaintiff re-alleges and reavers the allegations made in Paragraphs 1 – 19 and hereby incorporates them herein by reference.

21. At all times relevant Defendant Mobil Exxon Corporation (hereinafter "Mobil") held an interest in and/or exercised control over the subject premises.

22. Mobil exercised control over the premises including, but not limited to the aforementioned Exxon Mobil gasoline services station, and/or convenience store and/or related businesses operating from said premises.

23. At all times germane, Defendant Mobil owed a duty to those lawfully upon the premises to maintain the premises in a reasonably safe condition.

24. In breach of its duty, Defendant Mobil failed to maintain the premises in a reasonably safe condition. As a consequence, water dripped onto the asphalt

5

surface below, causing ice to form.   Mobil further failed to remove or salt, sand or otherwise treat said accumulation of ice.

25.   On or about February 17, 2020 Plaintiff slipped and fell on the ice which had formed and sustained serious personal injuries.

26.   The negligence of Defendant Mobil was the direct and proximate cause of Plaintiff's fall and injuries.

27.   At all times germane, Plaintiff was in the exercise of due care.

 ***WHEREFORE***, Plaintiff, William L. Brouck, prays that judgment be entered in his favor against the Defendant, Mobil, in an amount which will fairly and adequately compensate him for his conscious pain and suffering, hedonic loss, lost income, medical bills, permanent injury,  and all other damages recoverable, together with interest, costs and such other relief as this Honorable Court may deem appropriate.

**PLAINTIFF, WILLIAM L. BROUCK, HEREBY DEMANDS A TRIAL OF ALL ISSUES BEFORE A JURY OF HIS PEERS.**

6

Respectfully submitted,

**WILLIAM L. BROUCK,**
By His Attorney

Date: March 8, 2021

Charles F. Perrault   BAR ID #2002
**PERRAULT LAW GROUP, PLLC**
79 Haverhill Street
Methuen, MA 01844-4203
(978) 975-4100
cperrault@perraultlaw.com

File Date: 8/25/2020 11:48
Rockingham Superior Co
E-Filed Docum

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: **Rockingham Superior Court**

Case Name: **William L. Brouck v. ExxonMobil Corporation**

Case Number: 218-2020-CV-00584
(if known)

## CASE STRUCTURING AND ADR ORDER
(See Superior Court Civil Rules 5 and 32)

1. Plaintiff's Counsel: Trial Charles F. Perrault          At conference Charles F. Perrault

2. Defendant's Counsel: Trial Michael R. Mortimer          At conference Michael R. Mortimer

3. Causes(s) of action: negligence          Counterclaims none

4. Insurance carrier: **Liberty Mutual**          Disclosure of policy limits by: **9/30/2020**

5. ☐ The parties consent to this case being transferred to the Business and Commercial Dispute Docket. A motion requesting this transfer shall be filed with the Court within 30 days. Upon receipt, the Clerk will submit the motion to the Merrimack Superior Court for ruling.

6. If defendant claims that unnamed parties are at fault (see DeBenedetto v. CLD Consulting Engineers Inc., 153 N.H. 793 (2006)), defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than **12/15/2020**          . Plaintiff shall then have 30 days from the date of disclosure to amend the initiating pleading.

7. Is there an agreement to waive statutory expert disclosure requirements under RSA 516:29-b?
☑ Yes  ☐ No

8. ☑ The parties have exchanged e-mail addresses and agree that the e-mail service of pleadings between the parties shall be considered in compliance with Superior Court Administrative Order 46.

9. Plaintiff's disclosure of experts and reports due: **02/11/2021**

    Defendant's disclosure of experts and reports due: **05/03/2021**

10. The following deadlines apply:
    All interrogatories propounded by **03/05/2021**

    All depositions to be completed by **07/01/2021**

    All dispositive motions to be filed: no later than 120 days prior to the trial

    Completion of all discovery: **07/01/2021**

    Deadline for filing all other pre-trial motions: 14 days prior to trial management conference

    Deadline for filing of witness and exhibit lists: 14 days prior to trial management conference

11. Jury trial requested? ☑ Yes ☐ No

12. If jury trial previously demanded, is it now being waived? ☐ Yes ☑ No

13. Requested trial date: **09/01/2021**          Estimated trial length: 3 days

14. Jury trial assignment:     Trial Mgt. Conf.: _____     Jury Selection: _____

15. Bench trial assignment: Trial Mgt Conf: _____     Week of: _____

16. Trial counsel and self-represented parties shall appear at the trial management conference and be prepared to address settlement potential. Parties represented by counsel shall be available for contact by telephone during the trial management conference. All pending pretrial motions shall be heard at the trial management conference, or as scheduled by the court. Failure to appear at the trial management conference or trial may result in dismissal, default or other sanctions.

CASE STRUCTURING AND ADR ORDER

## ADR (Alternative Dispute Resolution)

Superior Court Civil Rule 32 requires the Court to assign all civil cases to ADR unless the parties represent by joint motion they have engaged in formal ADR before a neutral third party before filing suit or the Court exempts the parties by motion for good cause shown.

17. **ADR Order:**

☑ The parties stipulate and agree to an ADR process. **OR**

☐ The parties do not agree to an ADR process and request the Court complete this section.

**A. Type of ADR**

☑ **Mediation** ☐ **Neutral Case Evaluation** ☐ **Arbitration**

☐ **Other Neutral Third Party Process:** _____

Name of person chosen to conduct ADR: Honorable Robert Morrill ☑ Paid ☐ Volunteer

Address: 155 Fleet Street, Portsmouth, NH 03801

Phone: 603-828-8564 Email: judge@bobmorrill.com

Names of alternates: 1. Dennis Ducharme   2. Melinda Gehris

**B. Scheduling your ADR Session:** Date ADR shall be completed by 02/26/2021

You and the other side must contact the person selected to schedule the ADR session.

**C. ADR Reporting:** The Plaintiff shall file a copy of the ADR report with the court within 30 days of the ADR session. If the ADR report is not timely filed, the court may schedule a show-cause hearing to determine the status of the ADR process and to impose sanctions appropriate to the circumstances, if necessary.

18. ☐ The Court has determined the parties are exempt from Rule 32 ADR.

19. Other orders:
None

| Charles F. Perrault | | | /s/ Charles F. Perrault | 08/25/2020 |
|---|---|---|---|---|
| Name of Filer | | | Signature of Filer | Date |
| Perrault Law Group | 2002 | | (978) 975-4100 | |
| Law Firm, if applicable | Bar ID # of attorney | | Telephone | |
| 79 Haverhill Street | | | cperrault@perraultlaw.com | |
| Address | | | E-mail | |
| Methuen | MA | 01844-4203 | | |
| City | State | Zip code | | |

| Michael R. Mortimer | | | /s/ Michael R. Mortimer | 08/25/2020 |
|---|---|---|---|---|
| Name of Filer | | | Signature of Filer | Date |
| Wadleigh, Starr & Peters | 1813 | | 603-669-4140 | |
| Law Firm, if applicable | Bar ID # of attorney | | Telephone | |
| 95 Market Street | | | mmortimer@wadleighlaw.com | |
| Address | | | E-mail | |
| Manchester | NH | 03101 | | |
| City | State | Zip code | | |

## CASE STRUCTURING AND ADR ORDER

| | | |
|---|---|---|
| Name of Filer | | Signature of Filer | Date |

Law Firm, if applicable     Bar ID # of attorney     Telephone

Address        E-mail

City     State     Zip code

---

Name of Filer        Signature of Filer     Date

Law Firm, if applicable     Bar ID # of attorney     Telephone

Address        E-mail

City     State     Zip code

SO ORDERED:

*Mwy~*

Honorable Marguerite L. Wageling

August 26, 2020

---

Date        Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on   08/26/2020

**CERTIFICATE OF SERVICE**

Rockingham Superior Court
County of Rockingham, New Hampshire

BROUCK, WILLIAM

Docket Number:  20-CV-584

vs.

Sheriff File Number:  21-1212-CP

QUICK STOP PROPERTIES, LLC,


I, DEPUTY SHERIFF MATTHEW R 014-CARACCIOLO, of the Rockingham County
Sheriff's Office, Rockingham County, New Hampshire, certify and affirm that
on 04/09/2021 at approximately 02:10pm at 147 PLAISTOW RD, PLAISTOW, NH
served the within SUMMONS & COMPLAINT upon QUICK STOP PROPERTIES, LLC,, the
defendant named herein, in the following manner.

PERSONAL SERVICE

By delivering to and leaving with QUICK STOP PROPERTIES, LLC,, personally a
true copy thereof, said person being known or identified to me as the
person mentioned and described therein

Dated:04/09/2021

DEPUTY SHERIFF MATTHEW R 014-CARACCIOLO